NORIEGA & ALVAREZ, PLAINTIFFS AND APPELLANTS, v. CRUZ & CO., LTD., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 2901.—Decided July 14, 1924.

BILL OF EXCHANGE—INDORSEMENT—DATE—CONSTRUCTION OF LAW—PRESUMPTION.
—According to article 463 of the Code of Commerce, the omission of the date in the indorsement of a bill of exchange, whether or not it is signed in blank, has a double effect: It leaves the ownership of the bill in the endorser and creates ''simply a commission for collection.'' These two consequences are inseparable and must stand or fall together. One is no more absolute and inevitable than the other. The provisions that ''the ownership of the bill of exchange shall not be transferred'' and that the indorsement ''shall be understood as simply a commission for collection'' construed together and in the light of the context establish a *prima facie* legal condition. In either case the presumption must yield to clear and convincing evidence of the actual date of the indorsement and of the existence of a good and sufficient consideration.

The facts are stated in the opinion.

Mr. J. Tous Soto for the appellants.

Mr. C. Brunet for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Noriega & Alvarez brought an action based on a protested bill of exchange which is in terms as follows:

''Antonio Mayoral.—No. 3463.—Due on September 30, 1921.—Ponce, P. R., August 30, 1921.—Pay to the order of Antonio Mayoral $547.50, five hundred forty-seven and 50/100 dollars.—Messrs. Cruz & Co., Ponce.—(Sgd) A. Mayoral.—Accepted for September 30, 1921.—Cruz & Co.''

The endorsements read thus:

'' (Sgd) A. Mayoral.—(Sgd) Angel M. Mayoral.—Pay to the order of any Bank, Banker or Trust Company for deposit to the credit of Successors of Noriega & Alvarez.—Ponce, Porto Rico.''

Payment of this draft at maturity was refused for reasons stated by the managing partner of the defendant company in the document of protest as follows:

''First: Because the merchandise sold to him and which brought

about the issuance of the draft on which recovery is now sought
was not delivered by Mayoral and the said draft was annulled by
the vendor Mayoral in a document which Cruz exhibits to me and
which reads literally as follows: 'If ·this merchandise is not im-
mediately delivered a draft for $547.50 on account of this bill, ac-
cepted by them and due on September 30th, will be void.—A. Ma-
yoral.' The invoice on the back of which the above is written reads
as follows: 'Messrs. Cruz & Co., Ponce, to Antonio Mayoral, Playa
Ponce.—100 bags rice at $4.25, $425.00; 50 bags flour at $8.00,
$400.00, $825.00.—Playa Ponce, August 30, 1921.'

"Second: Because the protested bill having been annulled in
the manner explained in the preceding paragraph, it was returned
by Mayoral to Cruz & Company and it later disappeared from upon
a desk in the office of Cruz & Company."

The consideration for the transfer of this document by
the drawer to his brother and by the latter to the plaintiffs
is shown not only by the oral evidence but also by a check
which reads thus:

"Ponce, P. R., August 31, 1921.—No. 7521.—Bank of Ponce.—
Pay to the order of Angel M. Mayoral, $517.50 Cy. Five hundred
and seventeen and 50/100 dollars.—Successors of Noriega & Alva-
rez.—Endorsements: Angel M. Mayoral.—A. Mayoral.—Cleared.—
Paying teller.—Sept. 1, 1921,—The Royal Bank of Canada.—Ponce,
P. R."

There was also testimony as to the negotiation of the
draft, as to the crediting thereof on account and as to the
subsequent reimbursement of the bank which protested the
document. A tender of documentary evidence in this regard
was rejected by the court below of its own motion on the
ground that the point had been sufficiently covered by the
testimony last above mentioned.

The managing partner of the plaintiff's firm stated that
before he discounted the bill he called the manager of the
defendant company on the telephone and verified the accept-
ance of the said draft by the defendants. The managing
partner of the defendants, while on the stand, did not di-
rectly contradict or deny this statement.

The court below based its judgment in favor of the defendants on the following findings:

"1.—That the action asserted is governed by the Code of Commerce of Porto Rico.—2.—That Antonio Mayoral was the drawer of the bill of exchange against Cruz & Co., Ltd., accepted by the latter for payment on September 30, 1921.—The said bill was indorsed by Antonio Mayoral to Angel Mayoral and by Angel Mayoral to Noriega & Alvarez; all these indorsements containing only the signatures of the. indorsers without the date.—3.—Section 473 (*sic*) of the Code of Commerce provides that: 'If the statement of the date is omitted in the indorsement, the ownership of the bill of exchange shall not be transferred, and it shall be understood as simply a commission for collection.' Considering this section, the court holds that the plaintiffs, Noriega & Alvarez, are not the holders of the said document for a consideration but only agents charged with its collection and are not parties in interest in this case.—83 *Jurisprudencia Civil,* judgment No. 57 of the Supreme Court of Spain, pages 266 *et seq.*—For this reason the court is of the opinion that the complaint must be dismissed, the plaintiffs to pay the costs, not including attorney's fees."

A concise statement of the foregoing facts in the brief for appellants would have facilitated the disposition of this case. The brief, however, contains an assignment of errors in due form to the effect that:

"1.—The court erred in holding that the blank indorsement in this case by Antonio Mayoral did not transfer the ownership of the bill of exchange in question to Angel Mayoral and that the blank indorsement by the latter did not transfer such ownership to the plaintiffs, Noriega & Alvarez.

"2.—The court erred in not finding that the bill of exchange was transferred from Antonio Mayoral to Angel Mayoral and by the latter to Noriega & Alvarez for a sufficient consideration, for which reason the said firm had an action against the party accepting the said bill independently of the form of the indorsement.

"3.—The court erred in holding that an indorsee, even if the indorsement is considered as a mere commission for collection, has no action against the party accepting the bill."

Article 461, subdivision 4 of article 462, and articles 463 to 467 of the Code of Commerce, read as follows:

"Article 461.—The ownership of bills of exchange shall be transferred by indorsement.

"Art. 462.—The indorsement must contain:

"4.—The date on which it is drawn.

"Art. 463.—If the statement of the date is omitted in the indorsement, the ownership of the bill of exchange shall not be transferred, and it shall be understood as simply a commission for collection.

"Art. 464.—If a date prior to the day on which the indorsement was made is placed on the bill, the indorser shall be liable for the damages suffered thereby by a third person, without prejudice to the criminal liability which he may incur for the crime of false representation if he did so maliciously.

"Art. 465.—Indorsements signed in blank and those in which the value is not stated shall transfer the ownership of the bill of exchange and shall produce the same effect as if 'value received' were written therein.

"Art. 466.—Bills of exchange not issued to order can not be indorsed, nor those which have fallen due or are damaged.

"The transfer of ownership shall be lawful by the means established in the common law; and if, however, an indorsement is made, it shall have no further force than that of a simple assignment.

"Art. 467.—The indorsement shall render each and every indorser liable as security for the amount of the bill, if it is not accepted, and for its repayment, with the costs of the protest and reexchange, if not paid when due, provided the proceeding of presentation and protest took place at the time and in the manner prescribed in this Code.

"This responsibility shall cease on the part of the indorser who, at the time of transferring the bill shall indorse thereon the clause 'without responsibility on my part.'

"In such case the indorser shall only answer for the identity of the person making the transfer or for the right with which he makes the transfer or indorsement."

The decision of the Supreme Court of Spain cited by the trial judge leaves much to be desired as a definite and positive statement of the conclusion reached by that court with reference to the meaning of the statutory provision therein construed; but the theory of the court below seems to have found decided support in the Philippine Islands where the

question raised under the first assignment of error herein has received careful consideration. See the following cases: *The International Banking Corporation* v. *A. A. Montagne*, 6 Philippine Reports, 667; *Warner, Barnes & Co.* v. *E. Díaz & Co.*, 10 Philippine Reports, 418; *Chioco* v. *Inchausti & Co.*, 10 Philippine Reports, 495; *The Honkong & Shangai Banking Corporation* v. *F. C. Peters and E. J. Hawkes*, 16 Philippine Reports, 284; *N. T. Hashim & Co.* v. *The Estate of John Kernan*, 11 Philippine Reports, 435.

In the view we take of the matter, however, a final determination in this jurisdiction of the point so presented may be postponed until some case of larger importance shall serve as a stimulus to more thorough investigation by counsel of the subject matter.

By the terms of article 463, *supra,* the omission of the date in an indorsement, whether or not it be otherwise in blank, has a double effect: It leaves the ownership of the bill in the endorser and creates "simply a commission for collection." These two consequences are inseparable and must stand or fall together. One is no more absolute and inevitable than the other. The provisions that "the ownership of the bill of exchange shall not be transferred" and that the indorsement "shall be understood as simply a commission for collection" construed together and in the light of the context establish a *prima facie* legal status. In either case the presumption must yield to clear and convincing proof of the actual date of the indorsement and of the existence of a good and sufficient consideration.

In the present case the evidence as a whole leaves no room for any reasonable doubt upon either of these points. It may be and apparently is true that Antonio Mayoral perpetrated an unconscionable fraud upon the defendant herein. But there is nothing to show that the plaintiffs were parties thereto or to any conspiracy in connection therewith. As between them and the defendants, to hold that the plaintiffs must sustain the loss by reason of a mere technicality and

notwithstanding the undisputable facts of the case, would amount to a travesty on justice.

In the circumstances we need not discuss the merits of the third assignment.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.